270 So.2d 428 (1972)
Frank RUSSO, Appellant,
v.
STATE of Florida, Appellee.
No. 71-628.
District Court of Appeal of Florida, Fourth District.
December 19, 1972.
*429 Ray Sandstrom of Sandstrom & Hodge, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Thomas L. Brown, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
Being convicted and sentenced for aggravated assault, the defendant appeals. We reverse and remand for a new trial.
After completion of trial court proceedings, F.S. 856.02, Laws of 1969, F.S.A., and the Jacksonville vagrancy ordinance were declared unconstitutional. Smith v. State of Florida (1972), 405 U.S. 172, 92 S.Ct. 848, 31 L.Ed.2d 122; Papachristou v. City of Jacksonville (1972), 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110. The defendant here was arrested under authority of Section 17-6, Code of the City of Plantation, Florida, the provisions of which, to all intents and purposes, are identical to the mentioned statute and ordinance. Thus, we summarily hold that Section 17-6, Code of the City of Plantation, is unconstitutional under authority of Papachristou and Smith, supra. It thus follows, as asserted in defendant's appellate point I, that defendant's arrest was unlawful. (We further note under the facts of this case  and it is not contended otherwise  that the arresting officer was not justified or authorized to arrest the defendant without a warrant under F.S. 901.15, Laws of 1969, F.S.A., or otherwise.)
The state simply contends that the Papachristou and Smith cases should not be applied here because to do so would be to give a retroactive effect. This position lacks merit. A statute duly declared unconstitutional is inoperative from the time of its enactment and not only and simply from the time of the decision. State ex rel. Nuveen v. Greer, Fla. 1924, 88 Fla. 249, 102 So. 739; Amos v. Mathews, Fla. 1930, 99 Fla. 1, 126 So. 308.
With an unlawful arrest as a background, we come now to the defendant's appellate point II. It directs attention to the trial court's refusal to suppress certain fingerprints and statements made to the police officials. We hold that they should have been suppressed and it was error not to do so. More exactly, the fingerprints should have been suppressed under authority of Davis v. Mississippi (1969), 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676. The statements should have been suppressed upon different grounds. The defendant was not afforded the cautions prescribed in Miranda v. State of Arizona (1964), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.
We feel that the judgment should be reversed and the case remanded for a new *430 trial with same to be conducted in a manner not inconsistent with the views and rulings herein made.
Reversed and remanded.
REED, C.J., and OWEN, J., concur.