285 So.2d 626 (1973)
STATE of Florida, Appellant,
v.
Judith BUTTERFIELD and Dean Edward Walker, Appellees.
No. 73-1065.
District Court of Appeal of Florida, Fourth District.
November 23, 1973.
*627 Philip S. Shailer, State's Atty., and Jon H. Gutmacher, Asst. State's Atty., Fort Lauderdale, for appellant.
Bruce M. Lyons of DiGiulian, Spellacy, Bernstein, Lyons & Sanders, Fort Lauderdale, for appellees.
WALDEN, Judge.
Defendants, Judith Butterfield and Dean Edward Walker, were charged with marijuana possession. They made a motion to suppress the contraband which had been seized by the state pursuant to a search warrant. The only grounds or reasons stated were these:
1. The Search Warrant is insufficient on its face;
2. There was not probable cause for believing the existence of the grounds on which the warrant was executed;
3. The warrant was illegally executed.
Patently, the motion was defective as it contained only legal conclusions which were in nowise supported by specific reasons or allegation of fact.
The trial court granted the motion and suppressed the evidence without comment or stated reason. The state appeals. We reverse and remand.
At the outset, we note the appellate difficulty, or rather impossibility, of assessing and coming to grips with the problem because of a basic procedural omission which leaves us without knowledge as to the specifics of the motion and resulting order. Thus, counsel here and this court are left to grope and speculate in the dark as to the merits and demerits of the appeal. We respectfully decline to enter into such exercise because it would render our ultimate decision one based on guesswork. There are a myriad of legal propositions that attend searches and seizures and it is because of this the procedural rules, later detailed, provide that assaults be definitively supported so that same may be later properly reviewed.
We make these observations:
First: the motion to suppress was legally insufficient because of its lack of facts and should have been denied in the first instance without prejudice just as a matter of procedure, as required by Rule 1.190(h)(2) and (3), Fla.R.Cr.P., 33 F.S.A.:
"(2) Contents of Motion. Every motion to suppress evidence shall clearly state the particular evidence sought to be suppressed, the reasons for suppression and a general statement of the facts on which the motion is based. (Emphasis supplied.)
"(3) Hearing. Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, the defendant shall present evidence supporting his position and the State may offer rebuttal evidence." (Emphasis supplied.)
Second: the motion contained no facts and no specific allegation as to why, for instance, the search warrant was insufficient on its face. Was it improperly attested? Did it fail to describe the premises to be searched, etc.?" As to stated ground two, there was no specific reason as to why there was no probable cause. Was it, for instance, because a confidential informer was not sufficiently reliable, etc.? As to ground three, which suggests the illegal execution of the warrant, where and why was such illegally issued? If, as counsel now suggest on appeal, the Municipal Court of Oakland Park, Florida, did not have authority to issue search warrants, such position should have been stated in the motion, in order that the state might have an opportunity to refute such charge.
*628 Third, we are of the opinion that the requirements of orderly procedure as prescribed in the rules are important and should be observed by the courts. Had that been done here, the issues could have been clearly framed, the evidence one way and the other received, and a definitive decision made, which could have been clearly presented for appellate review.
In summation, it is our holding that the motion to suppress was legally insufficient and same should have been denied for that reason. We reverse and remand without prejudice to the right of the defendant to file such motion as he may be advised in accordance with the requirements of Rule 3.190(h), Fla.R.Cr.P.
Reversed and remanded.
CROSS and MAGER, JJ., concur.