PER CURIAM.
Defendant-appellant was informed against, tried non-jury, found guilty and sentenced to five years imprisonment for robbery [Fla.Stat. § 813.011, F.S.A.].
On appeal, appellant first contends the trial court erred in convicting him of robbery where he and his accomplice were both charged by the same information and where the trial court accepted a plea of nolo contendere to a lesser included offense from the accomplice. We cannot agree.
First, we note that the validity of plqa bargaining has been upheld by the U. S. Supreme Court in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). In the case sub judice, defendant elected to plead not guilty and thereby chanced being tried, found not guilty and acquitted. On the other hand, if defendant had decided to engage in plea bargaining and the prosecution had accepted a plea of guilty (or nolo contendere) to a lesser offense, any opportunity for acquittal would have been foreclosed thereby. Defendant having chosen the course of action which he did, he now is precluded from complaining that he was denied equal protection for by pleading not guilty he voluntarily positioned himself in an entirely different status from his accomplice. Cf. Weathington v. State, Fla.App.1972, 262 So.2d 724. Thus, this argument of appellant must fail.
We have considered also appellant’s second point on appeal and find that to be lacking in merit. See Bailey v. State, Fla. *720 App.1967, 199 So.2d 726; Parrish v. State, Fla.App.1957, 97 So.2d 356.
Accordingly, the judgment and conviction herein appealed is hereby affirmed.
Affirmed.