PER CURIAM.
Defendant-appellant was indicted for first degree murder and pled not guilty thereto. Subsequently, he withdrew the plea and pled guilty to the crime of manslaughter. He was sentenced to ten years in the state penitentiary.
Thereafter, appellant filed a motion to vacate and set aside judgment and sentence in which he alleged that based upon the grand jury testimony of two witnesses, he pled guilty to the lesser offense of manslaughter and subsequent thereto, he learned that this testimony was perjured and therefore he was coerced into pleading guilty to manslaughter. The trial judge denied this motion and appellant appeals therefrom.
Simply, we find the defendant’s position illogical as defendant had knowledge of his own guilt or innocence and therefore knew whether the subject grand jury testimony was true or false. The appellant in the case sub judice, having pled guilty voluntarily to the lesser offense and thereby having chosen not to chance trial and a resulting verdict of guilty and possible death sentence, is now precluded from complaining of the course of action which he elected to pursue. Accordingly, the order deny *624 ing appellant’s motion is affirmed. Cf. Desort v. State, Fla.App.1974, 287 So.2d 719.
Affirmed.