299 So.2d 40 (1974)
STATE of Florida, Appellant,
v.
Frank RUSSO, Appellee.
No. 73-601.
District Court of Appeal of Florida, Fourth District.
August 30, 1974.
Rehearing Denied September 19, 1974.
*41 Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons and Nelson E. Bailey, Asst. Attys. Gen., West Palm Beach, for appellant.
Ray Sandstrom of Sandstrom & Hodge, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Appellee was charged with assault with intent to commit murder in the first degree. After an unsuccessful attempt to suppress certain evidence, appellee negotiated a plea of nolo contendere to the lesser included offense of aggravated assault, and reserved his right to appeal the adverse ruling on his motion to suppress. He was successful on appeal, Russo v. State, Fla. App. 1972, 270 So.2d 428, this court holding that the ordinance pursuant to which Russo had been arrested was unconstitutional and the evidence in question was subject to suppression.
Upon remand, the case came on for trial upon the original information charging assault with intent to commit murder in the first degree. At the commencement of the trial appellee took the position that he could not be tried for any crime greater than aggravated assault because of his earlier plea and the judgment of conviction based thereon. The court initially rejected this contention. However, after a jury was selected, appellee moved for a mistrial based upon the contention that the state "alluded [in voir dire] to matters that are superior to and greater in degree than aggravated *42 assault and the court has wilfully permitted that, and it is contrary to the Florida law... ." After hearing extended argument the court was apparently persuaded that appellee could not be tried on an offense greater than aggravated assault, so it granted appellee's motion for a mistrial and set the date of May 2, 1973, for another trial.
On May 2, 1973, appellee filed a motion to dismiss the information on the ground that the state had prejudiced him by intentionally failing to limit its voir dire to questions concerning aggravated assault, thereby causing a mistrial after the jury had been sworn and jeopardy had attached. Appellee contended that the state's conduct precluded further prosecution of the case. After taking testimony and hearing argument of counsel, the trial court entered a written order in which it found there was no evidence to prove the charge contained in the information except that evidence which this court (in Russo v. State, supra) had held to be inadmissible. The court further found "the Motion to Dismiss is properly directed to a fundamental error and ought to be granted." The court later entered an amended order which dismissed the original information and gave the state leave to file an amended information for an offense no more serious than aggravated assault.
This interlocutory appeal by the state raises two basic questions: First, was it error to grant appellee's motion to dismiss? Second, did the trial court err in ruling that appellee could not be tried on a charge more serious than aggravated assault?
The trial court apparently treated the motion to dismiss as a motion filed pursuant to Rule 3.190(c)(4), RCrP. However, the motion in question did not meet requirements of that rule. The motion was not verified and it did not specifically allege the facts upon which it was based. Moreover, the court granted the motion on grounds not stated in the motion. In addition, the actual grounds set forth in the motion are not supported by the record, since the court had previously ruled the case would go to trial on the charge as set out in the original information. Thus, the prosecutor's references or allusions to the original information were proper. We hold that the motion to dismiss should have been denied. Cf. State v. Butterfield, Fla.App. 1973, 285 So.2d 626.
The more serious question here is this: After the reversal of a plea bargain based conviction of a lesser offense included in or lawfully related to the charge originally lodged against a defendant, is the state upon remand for a new trial precluded from prosecuting the defendant on a charge greater than that to which he entered his plea?[1]
Plea bargaining has generally been approved by the courts of this country. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427; Desort v. State, Fla.App. 1974, 287 So.2d 719. It involves exactly what the name implies, a bargain, a deal, an agreement, a contract. Recognizing the seriousness of his plight, a defendant may be willing to plead guilty or nolo contendere to an offense that is less grievous than the one with which he is originally charged. On the other hand, the state recognizing the strength or weakness of its case may deem it advisable to allow the defendant to plead to the lesser charge. The bargain frequently includes an agreed upon *43 sentence, subject, of course, to the trial court's approval. On occasion, where a plea of nolo contendere is made, one aspect of the bargain is the defendant's reservation of the right to seek review of some judicial error preceding the entry of the plea, such as an adverse ruling on a motion to suppress evidence (as in the present case). If the defendant is unsuccessful in his appellate efforts, the bargain stands as struck and defendant serves his sentence. However, if the defendant is successful on appeal and obtains a new trial, the defendant returns to the trial court with an appellate court order directing that the evidence against him be suppressed. If the state cannot convict him with the evidence remaining, the defendant has won the day. If there is other evidence, the state must determine whether it can prove the original charge or proceed on some lesser charge.
We can see no rational basis upon which to conclude that if a defendant is successful on appeal he returns to the trial court free of all the detriments of his bargain but entitled to all of its benefits. The state ought not to be held to its side of the bargain if the defendant has been absolved from his. Fairness, the paramount consideration in legal proceedings, requires that the state be accorded the same treatment as the defendant. Thus, after reversal of a plea based conviction and a remand for a new trial, the bargain is no longer viable and both sides find themselves in the same posture they occupied before the bargain was struck. Cf. Kiefer v. State, Fla.App. 1974, 295 So.2d 688; State v. Myers, 12 Ariz. App. 409, 471 P.2d 294 (1970); United States ex rel. Williams v. McMann, 436 F.2d 103 (2nd Cir.1970).
We note that there is respectable authority on both sides of this question. The following cases support a holding that upon reversal of a plea based conviction, reprosecution is not limited to the lesser charge to which a defendant entered his plea: People v. Baron, 130 Ill. App.2d 588, 264 N.E.2d 423 (1970); State v. Wolf, 46 N.J. 301, 216 A.2d 586 (1966); State v. Rhein, 117 N.J. Super. 112, 283 A.2d 759 (1971); People v. Wolfson, 32 A.D.2d 813, 302 N.Y.S.2d 217 (1969); State v. Asimakis, 86 S.D. 339, 195 N.W.2d 407 (1972); State v. Stacy, 43 Wash.2d 358, 261 P.2d 400 (1953); State v. Satterlee, 58 Wash.2d 92, 361 P.2d 168 (1961); United States v. Wells, 430 F.2d 225 (9th Cir.1970).
Other cases hold that upon remand a defendant may not be tried for any offense greater than the one involved in the plea bargain. Their reasons vary from double jeopardy (Mullreed v. Kropp, 425 F.2d 1095 (6th Cir.1970)) to the chilling effect a contrary holding would have upon a defendant's right to appeal adverse rulings. People v. McMiller, 389 Mich. 425, 208 N.W.2d 451 (1973).
We cannot accept the premise that the double jeopardy doctrine which applies to certain cases of reprosecution resulting from reversals of trial based judgments of conviction also applies to reprosecutions resulting from reversals of plea bargain based judgments of conviction. When a defendant and the state enter a bargain pursuant to which the defendant enters a plea to an offense less serious than the one with which he is charged, it cannot realistically be said that there is an adjudication, express or implied, that he is not guilty of the more serious offense or that he has been put in jeopardy with regard to the more serious offense. A bargain based plea to a lesser offense is not equivalent to a finding of guilt of a lesser offense by the trier of fact after a trial on the greater offense. Ward v. Page, 424 F.2d 491 (10th Cir.1970); People v. McMiller, supra. But see Mullreed v. Kropp, supra.
We also find the chilling effect argument unconvincing. If worse comes to worst and the defendant loses his appeal, he must live by the plea bargain he entered voluntarily. But, if he is successful on appeal, he returns to the trial court free of *44 the conviction and sentence he bargained for and with some beneficial ruling from the appellate court. The beneficial ruling in the present case is our earlier holding which directed the suppression of certain evidence.
We note too that the "chilling effect" concept can apply to the state as well as to a defendant and that we are as concerned with the chilling effect legal rulings might have upon the exercising of certain rights by the state as we are with the effect they might have upon the exercising of certain rights by a defendant. If we adopt the rule which appellee contends for, that is, if we hold that a defendant can keep all the benefits of his bargain and avoid all of its detriments upon a successful appeal, then the state would be discouraged from entering into plea bargains with defendants. State v. Rhein, supra. In view of the crowded dockets in the criminal courts of this country, such a result would be detrimental to the judicial process.
Appellee relies heavily upon Ray v. State, Fla. 1969, 231 So.2d 813. However that case is distinguishable from the present case. There, the Supreme Court held that the state was precluded from reprosecuting the defendant on burglary and assault charges after the defendant had previously entered, and the trial court had accepted, a guilty plea to a burglary charge arising from the identical transaction. The double jeopardy doctrine applied to the defendant's original plea based conviction because that conviction was an effective final judgment whose review defendant had never sought. Here, the double jeopardy doctrine does not apply to the appellee's original plea based conviction because appellee has succeeded in having that conviction overturned.
We hold that a defendant who successfully appeals from a conviction and sentence resulting from a negotiated plea to a lesser offense may, upon remand, be tried upon the greater charge contained in the information or indictment.
For the foregoing reasons, the amended interlocutory order under review is reversed and this cause is remanded for further proceedings.
WALDEN and MAGER, JJ., concur.
NOTES
[1] The situation presented here is not to be confused with that of a defendant who, after trial on one offense, is convicted of a lesser offense included in the original charge and who subsequently wins a new trial. Upon reversal and remand for new trial, such a defendant may be tried only on the lesser offense, because in finding him guilty of the lesser included offense, the trier of fact has implicitly found him not guilty of the greater offense. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, 61 A.L.R. 2d 1119 (1957).