WALDEN, Chief Judge.
Plaintiff Greene brought suit against defendants City of Sunrise, individual police officers and their insurors for damages on account of an alleged illegal arrest. The cause was set for jury trial and an order entered upon the jury verdict denying Greene any recovery. We affirm.
Officers from the City of Sunrise stopped a traffic violator in the City of Plantation after having pursued him into that locale. Such pursuit and apprehension was proper under the “hot pursuit” ordinance in the City of Sunrise Charter, Article VII, § 7.02, which reads in part:
“Any police officer of the City of Sunrise is authorized to continue a ‘hot pursuit’ beyond the limits of the city to any point in Broward County, and arrest upon apprehension any person suspected of violating any ordinance of said city.
“ ‘Hot pursuit’ as herein used shall be construed to mean pursuit of a person suspected of violating an ordinance of the city and continuing without interruption beyond the limits of the city.”
The problem arose when plaintiff, within the City of Plantation, proceeded to interfere with the officer by harassing and threatening the officer as he was engaged in ticketing the traffic violator. The officer arrested plaintiff and summoned aid. A second City of Sunrise officer arrived at the scene.
Plaintiff urged the officer only had the authority officially to deal with the traffic violator, whom the officer had “hotly pursued” over municipal boundaries. Plaintiff, therefore, is arguing that the officer, not having pursued him over municipal boundaries, did not have the authority to detain him. The City of Sunrise Charter grants arrest powers to an officer in hot pursuit, the grant of powers to local officers is likewise granted by Fla.Stat. § 901.-25 (1973):
“901.25 Municipal officer arrest outside corporate limits in fresh pursuit. A police officer of a municipality, when necessary to make an arrest, may make a fresh pursuit of a person from within the municipality to any point in the county in which the municipality is located when the person pursued has violated a city ordinance or committed a misdemeanor within the municipality, or the officer reasonably believes that the person has committed or is committing a felony.”
We confirm the Attorney General’s Opinion No. 073-59 on this problem, in which he states:
“. . . [Sjince the Legislature has enacted Section 901.25 to give a municipal police officer the authority to make fresh pursuit arrests outside of his municipality but within the same county, I think that the necessary implication is that the Legislature intended that the pursuing officer have the authority to *32 arrest any third person who knowingly and willfully obstructs him while in such fresh pursuit or while arresting the pursued violator or while lawfully safekeeping and transporting such violator after his arrest.”
The trial court gave the following instruction, which instruction we find to have been an applicable statement of the law:
“You are instructed that a Sunrise police officer of the City of Sunrise, when necessary to make an arrest, may make a fresh pursuit of a person from within the City of Sunrise to any point in the county in which the City of Sunrise is located when the person pursued has violated a City of Sunrise ordinance or committed a misdemeanor within the City of Sunrise.
“When a municipal police officer is in fresh pursuit or hot pursuit to an arrest, ... to arrest a person outside that municipality but in the same county, he may in his official capacity as a police officer arrest a person other than the one being pursued; if, and only if such third person does one of these two things. Knowingly and willfully obstructs the officer in the performance of his duty by offering to do harm to his person; that is, the person of the officer ; or, knowingly and willfully obstructs him, the officer, in the performance of his duty without doing or offering to do violence to his person contrary to the misdemeanor statute, which is 843.02, while that officer is engaged in such fresh pursuit or is making an arrest of one who he has pursued in the manner of fresh pursuit or hot pursuit.”
No reversible error having been made to appear, we affirm the appealed judgment.
Affirmed.
OWEN, J., and ALDERMAN, JAMES E., Associate Judge, concur.