PER CURIAM.
This is the third appearance of this case before this court.
In Russo v. State, 270 So.2d 428 (Fla. 4th DCA 1972), we reversed Russo’s plea-negotiated conviction of aggravated assault (upon a holding that certain fingerprint evidence and. inculpatory statements Russo made to the police should have been suppressed) and remanded the case for a new trial.
Upon remand the case came on for trial on the original charge the state had filed (on June 17, 1971) against appellant: assault with intent to commit murder. After the state offered evidence, the court granted Russo’s motion for mistrial. On the date set for the next trial Russo filed a motion to dismiss the information. The grounds of that motion and the ruling upon that motion the circuit court and this court made are set forth in the second appearance of this case, State v. Russo, 299 So.2d 40 (Fla. 4th DCA 1974):
“On May 2, 1973, appellee filed a motion to dismiss the information on the ground that the state had prejudiced him by intentionally failing to limit its voir dire to questions concerning aggravated assault, thereby causing a mistrial after the jury had been sworn a,nd jeopardy had attached. Appellee contended that the state’s conduct precluded further prosecution of the case. After taking testimony and hearing argument of counsel, the trial court entered a written order in which it found there was no evidence to prove the charge contained in the information except that evidence *1270 which this court (in Russo v. State, supra) had held to be inadmissible. The court further found ‘the Motion to Dismiss is properly directed to a fundamental error and ought to be granted.’ The court later entered an amended order which dismissed the original information and gave the state leave to file an amended information for an offense no more serious than aggravated assault.”

“The trial court apparently treated the motion to dismiss as a motion filed pursuant to Rule 3.190(c)(4), RCrP. However, the motion in question did not meet requirements of that rule. The motion was not verified and it did not specifically allege the facts upon which it was based. Moreover, the court granted the motion on grounds not stated in the motion. In addition, the actual grounds set forth in the motion are not supported by the record, since the court had previously ruled the case would go to trial on the charge as set out in the original information. Thus, the prosecutor’s references or allusions to the original information were proper. We hold that the motion to dismiss should have been denied. Cf. State v. Butterfield, Fla.App.1973, 285 So.2d 626.” 299 So.2d at 42.
This court then went on to hold that Russo could properly be tried on the charge the state originally filed against him rather than the charge to which he had pleaded nolo contendere and remanded the case for further proceedings.
On the second remand Russo’s counsel filed a motion to dismiss, sworn to by counsel, alleging in material part that the information the state had filed against the ap-pellee was predicated upon the evidence this court had ordered suppressed in the first appeal.
Five days after the motion to dismiss was filed, the state filed a motion to strike that motion on the primary ground that it failed to allege any facts which would warrant dismissal.
After a hearing, the court entered an order dismissing the information on the ground that the state could not prove a prima facie case against the appellee because the evidence upon which the information was based had been held inadmissible by this court.
We disagree with the trial court’s conclusion and reverse the order of dismissal because the motion to dismiss failed to demonstrate that the state has no lawful evidence by which it could prove a prima facie case against appellee. Thus, there was no need for the state to file a traverse to the motion to dismiss.
Reversed and remanded for further proceedings.
CROSS, DOWNEY and ALDERMAN, JJ., concur.