362 So.2d 1013 (1978)
Robert Logan MORLEY, Appellant,
v.
STATE of Florida, Appellee.
No. HH-230.
District Court of Appeal of Florida, First District.
October 3, 1978.
*1014 Michael J. Minerva, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., A.S. Johnston, Asst. Atty. Gen., for appellee.
PER CURIAM.
This is an appeal from a conviction and sentence for resisting an officer without violence and attempted battery upon a law enforcement officer.
Robert Logan Morley was initially arrested for fighting, a misdemeanor that was not committed in the presence of a law enforcement officer. That arrest was improper. Section 901.15, Florida Statutes (1977). In fact, it was later determined that Morley was not involved in the fight. In the course of the arrest Morley resisted. He was charged with resisting arrest with violence and was found guilty of resisting arrest without violence.
In Florida, the common law right to resist an illegal arrest with force has been abrogated by statute Section 776.051, Florida Statutes (1977). Thus, legality of the arrest is not a factor in that situation. There has been no statutory change, however, to the right to resist an illegal arrest without force. Marshall v. State, 354 So.2d 107 (Fla. 2d D.C.A. 1978); Lowery v. State, 356 So.2d 1325 (Fla. 4th D.C.A. 1975). Thus, we think the conviction for resisting arrest without violence must be reversed.
The conviction for attempted battery of a law enforcement officer while in the lawful performance of his duty is affirmed. The incident giving rise to that charge took place at the police station while the officers were investigating the fight that had taken place earlier. We believe that the investigation constituted the lawful performance of a legal duty.
The conviction and sentence for resisting an officer without violence is reversed. The conviction and sentence for attempted battery on a law enforcement officer is affirmed.
McCORD, C.J., and BOYER and MILLS, JJ., concur.