381 So.2d 285 (1980)
Alfonzo DAVIS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. NN-498.
District Court of Appeal of Florida, First District.
March 11, 1980.
*286 Michael J. Minerva, Public Defender, Steven H. Parton, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
Appellant appeals the judgment sentence rendered April 11, 1979, which placed him on one year's probation for resisting arrest without violence. Appellant contends that the trial judge erred in declining to give the jury a requested instruction that they had to find the element of a lawful arrest before they could find appellant guilty of resisting arrest without violence (a misdemeanor). We agree and reverse.
Although appellant was eventually charged with burglary and resisting arrest with violence, he was initially arrested for open profanity. At the time of his arrest, appellant tried to pull away or jerk loose from the arresting officers. The arresting officers forcibly removed appellant to the police car. The evidence is clear, however, that appellant did not hit either police officer.
At the close of the State's case, the trial court, upon appropriate motion, reduced the charge of resisting arrest with violence to resisting arrest without violence. The jury found appellant not guilty of burglary but guilty of resisting arrest without violence.
Appellant's arrest for open profanity was clearly unlawful. See Brown v. State, 358 So.2d 16 (Fla. 1978), whose holding was reiterated in Brown v. State, 367 So.2d 1008 (Fla. 1979).
The common law rule remains that one can resist without violence an unlawful arrest. Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978); Marshall v. State, 354 So.2d 107 (Fla. 2d DCA 1978). Thus, the legality of an arrest remains a factor to be proved in a situation where a defendant has resisted arrest without violence. Morley v. State, 362 So.2d 1013 (Fla. 1st DCA 1978). In the instant case, the jury retired on the question of whether the defendant was guilty of resisting arrest without violence. Accordingly, the trial judge should have instructed them that proof of the legality of an arrest is an essential element of resisting arrest without violence. Therefore, we must reverse, fully cognizant that on remand the circumstances of this case may require dismissal.
Appellant's contention that the speedy trial period has run is without merit under the facts of this case. Leeman v. State, 357 So.2d 703 (Fla. 1978); Cantanese v. State, 251 So.2d 572 (Fla. 4th DCA 1971).
Reversed and remanded for proceedings consistent herewith.
ERVIN and SHAW, JJ., concur.