399 So.2d 70 (1981)
Wayne Clarence SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 80-851.
District Court of Appeal of Florida, Fifth District.
May 27, 1981.
Robert R. Perry and Joe Miller, Palatka, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Richard W. Prospect, and James Dickson Crock, Asst. Attys. Gen., Daytona Beach, for appellee.
COBB, Judge.
The defendant, Wayne Clarence Smith, as the result of a fracas that occurred at his mobile home on the evening of January 30, 1980, in Putnam County, was charged in a three-count information with: (1) battery of a law enforcement officer, Michael Burnette; (2) aggravated assault upon Jerry Vaughn, who was also an officer; and (3) resisting arrest with violence directed toward arresting officers Vaughn and Mike Fazio. The defendant was acquitted of the first two counts. It is only the third count, for which the jury convicted of the lesser included offense of resisting without violence, which concerns us on this appeal.
*71 The incident arose when deputy Burnette responded to a family disturbance dispatch, and was told that Smith was beating his wife inside their trailer. Burnette heard crying inside the trailer and a female voice asking for help. Burnette knocked on the door, and Smith warned him not to come in. This was repeated several times, and finally Burnette entered and found Smith holding his wife down on the floor. When Burnette attempted to intercede, a struggle ensued with the result that Smith struck the officer several times with the latter's flash-light. During the struggle, Smith's brother-in-law, one Frank Shrowder, came into the trailer and rendered some assistance to the officer. However, Burnette was unable to handcuff both of Smith's hands. Thereupon, the officer left the trailer to radio for assistance. As Burnette exited the trailer, Officers Vaughn and Fazio arrived on the scene and talked with Burnette outside the trailer. They examined his injuries, and learned that Shrowder was still inside the trailer with Smith. Vaughn and Fazio then went into the trailer, followed by Burnette. Ultimately, Smith was subdued and handcuffed after another struggle involving all three officers.
Prior to trial the defense filed a motion to suppress, based on the argument that the original entry into the trailer by Burnette without a warrant was an unreasonable entry violative of the United States and Florida Constitutions, and of section 901.19(1), Florida Statutes (1979).[1] The trial court ruled, and properly so, that Burnette's entry was justified under the "exigency rule" exception to the general rule requiring a warrant. Johnson v. State, 386 So.2d 302 (Fla. 5th DCA 1980); Moreno v. State, 277 So.2d 81 (Fla. 3d DCA 1973); Webster v. State, 201 So.2d 789 (Fla. 4th DCA 1967).
At trial of the cause, during cross-examination of the second witness for the state, Officer Vaughn, while defense counsel was exploring facts relating to the justification for the entries into the trailer, the trial court interceded sua sponte and held a conference outside the presence of the jury. As a result of that conference, the trial judge made an in limine determination that Officers Vaughn and Fazio had legally entered the trailer residence. The following colloquy occurred:
THE COURT: As to the count of resisting with violence, the Court has ruled that the deputies had a legal right to be there at that time. The question is whether or not the officer communicated to the Defendant the intention to effect an arrest and whether the Defendant knew that it was the intention of the arresting officer to then and there arrest him.
Once the State has met that burden, the Court is not going to allow any corollary questions to become Jury issues in this proceeding, as to whether the Jury has a right to determine the status or legal standing of the officers to be there at that time.
The Court therefore rules in limine that no issues may be raised before the Jury and no inquiry may be made of the witnesses as to the right of the officers to be there in that place at that time.
MR. PERRY [defense counsel]: Your Honor, so that I may be very clear in the matter, is the Court ruling with regard to Count Three that Deputies Vaughn and Fazio were in fact in the lawful execution of a legal duty?
THE COURT: That is correct.
MR. PERRY: You're taking that issue away from the jury?
THE COURT: That is correct.
The only question that, the Defense issues that can be inquired into on that point include of course the use of force.
An essential element of the offense under Count Three was that the arresting *72 officers were engaged "in the execution of legal process or in the lawful execution of any legal duty." See § 843.01, Fla. Stat. (1979). The lawful duty requirement was an essential element to be shown by the prosecution and subject to jury determination, applying the reasonable doubt criterion. Licata v. State, 156 Fla. 692, 24 So.2d 98 (1945); Lee v. State, 368 So.2d 395 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 349 (Fla. 1979).
The trial court, by reason of its in limine ruling and subsequent jury instructions, deprived the jury of the right to pass on the issue of the legality of the arrest.[2] If the arrest were illegal, it could be lawfully resisted without violence. Davis v. State, 381 So.2d 285 (Fla. 1st DCA 1980); Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978). In effect, the trial court directed a verdict on this issue during the course of trial. This was error.
Accordingly, we reverse and remand for a new trial on Count Three of the information, as reduced to the charge of resisting arrest without violence.
SHARP, and COWART, JJ., concur.
NOTES
[1] Section 901.19, Florida Statutes (1979), states in pertinent part:

(1) If a peace officer fails to gain admittance after he has announced his authority and purpose in order to make an arrest either by a warrant or when authorized to make an arrest for a felony without a warrant, he may use all necessary and reasonable force to enter any building or property where the person to be arrested is or is reasonably believed to be.
[2] This jury determination should be made pursuant to an appropriate instruction on section 901.15, Florida Statutes (1979).