536 So.2d 1166 (1988)
STATE of Florida, Appellant,
v.
Kathy ANDERSON, Appellee.
No. 87-3353.
District Court of Appeal of Florida, Second District.
December 30, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellant.
Kelley W. Collier, Lake Wales, for appellee.
SCHEB, Acting Chief Judge.
The state filed an information charging Kathy Anderson with perjury in an official proceeding under section 832.02, Florida Statutes (1985). Ms. Anderson filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The trial court granted the motion, and the state appeals. We reverse.
Ms. Anderson was working as the night clerk at a convenience store on December 30, 1986, when a robbery occurred. The night of the robbery, she was taken by police to the stationhouse where she was escorted into a room with the suspect. When asked if the suspect committed the robbery, she told a police officer, "That's not him." The next day, however, she chose the same suspect's picture out of a photopack.
In preparation for the suspect's prosecution for robbery, Ms. Anderson was deposed by the defense. When asked, "Isn't that [the suspect] the same person who was in the police station the night before when you went in to finish filing your complaint?", she replied, "I didn't see anybody in the police station the night before, I wasn't paying attention." In fact, of course, she was taken into the same room with the suspect.
Ms. Anderson filed a motion to dismiss, contending that her alleged false statement was not material to the official proceeding. In its demurrer, the state did not traverse the motion's factual allegations but argued that the motion was improper as a matter of law. The court granted the motion without explanation. We think the trial court erred.
We think Ms. Anderson's motion to dismiss was legally insufficient because it merely asserted a legal conclusion that Ms. Anderson's alleged false statement was not material. A motion to dismiss must demonstrate that the undisputed material facts fail to establish a prima facia case of guilt or a valid defense. Ellis v. State, 346 So.2d 1044 (Fla. 1st DCA 1977). Ms. Anderson's motion did not.
We agree with the state that State v. Sedlmayer, 375 So.2d 887 (Fla. 3d DCA 1979), is analogous to the facts in the instant case. In Sedlmayer, the defendant's sworn motion to dismiss simply alleged that the false statements made during a bond hearing and a deposition were immaterial. The court held that the motion *1167 failed in that it did not indicate testimony was given which demonstrated that the statements were not material.
Ms. Anderson argues that her situation is different from Sedlymayer because Sedlymayer "failed to allege any factual basis upon which the court could have ruled in the defendant's favor," whereas the court in the instant case "had sufficient facts to reach its ruling." We do not see that distinction. It seems irrefutable that identification of a perpetrator is material to his prosecution.
Ms. Anderson argues that she was intimidated and hesitant to identify the perpetrator because she was apprehensive that the suspect would kill her. Moreover, Ms. Anderson argues that her statements were equivocal. We are not unmindful of the understandable fear which may have led Ms. Anderson to vacillate on her identification of the suspect, but at this point, we do not consider the merits of her contentions. We reach only the technical point that misidentification is material in a criminal prosecution. Under the circumstances, therefore, we are compelled to reverse.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
THREADGILL and PARKER, JJ., concur.