## STATE OF FLORIDA v HOLMAN and HOLMAN

Case Nos. 91-972-MMO and 91-971-MMA

County Court, Bay County

May 29, 1991

### APPEARANCES OF COUNSEL

**Michael Hunter, Esquire,** Assistant State Attorney, for plaintiff.

**Edward Stafman, Esquire,** for defendants, Deral Gene Holman and Donald Bruce Holman.

### OPINION OF THE COURT

THOMAS F. WELCH, County Judge.

*ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS*

In each of the above-styled companion cases, the Defendant has filed

a Motion to Dismiss. Neither Motion is sworn to by the Defendant, and it is not contended by either Defendant that the facts are undisputed. Instead, each Defendant argues that the State's facts, as set forth in the depositions of the arresting officers, do not constitute the crimes charged. For the reasons set forth more fully below, each Motion to Dismiss is denied.

## STATE v DERAL GENE HOLMAN

### CASE NO. 91-972-MMO

Deral Holman is charged with Disorderly Conduct. According to the deposition of Officer Dan Bates of the Panama City Police Department, the Defendant's arrest resulted from his dispute with one other person. According to Officer Bates, the Defendant and this other person were facing each other while standing approximately three feet apart, and they were shouting at each other. The other person pointed toward the Defendant's face, and the Defendant removed the offensive arm by striking it with his fist. No other blows were seen by Officer Bates, and there were other people present at the scene.

The Defendant contends that, even if these facts are true, they cannot constitute the offense of Disorderly Conduct. As to the merits of the Defendant's claim, if the State is unable to present any more facts other than those contained in the deposition of Officer Bates, he may very well have a point. Section 877.03, Florida Statutes (1989) specifies that anyone who engaged in "brawling or fighting" is guilty of Disorderly Conduct. It is, at least, questionable whether or not the one blow described by the officer is sufficient to be deemed fighting or brawling pursuant to this statute. Moreover, whether others were sufficiently disturbed by the Defendant's actions may also be questioned at this point.

However, even if this Court were convinced that these facts would be insufficient to constitute the crime of Disorderly Conduct, several procedural reasons require the denial of the Defendant's motion. As indicated above, the motion simply recites certain facts set forth in the officer's deposition, and the argument is that these facts are insufficient as a matter of law. Therefore, this motion is the equivalent of a pre-trial Motion for Directed Verdict. However, the Florida Rules of Criminal Procedure provide for no such motion, and this Court has been unable to find any other authority for such a motion. The failure to provide for such a proceeding is understandable.

It would be unfair to allow the Defendant to present what may be only a portion of the State's evidence and to ask for a dismissal based

upon that evidence. A true Motion for Directed Verdict is designed to allow the Court to rule on the sufficiency of the State's case after *all* of its evidence has been presented. However, in the case now being considered, the Court cannot assume that there will be no other witnesses or evidence presented by the State.

Such a mistaken assumption was made by the trial court in *State v Russo,* 336 So.2d 1269 (Fla. 4th DCA 1976), *cert. denied,* 341 So.2d 1085 (Fla. 1977). The court in *Russo* had dismissed the charge on the ground that the State could not prove a prima facie case against the defendant, as the evidence upon which the charge was based had been suppressed in an appeal. This dismissal was reversed because the defendant had failed to demonstrate that the State had no lawful evidence by which it could prove a prima facie case. Likewise, it would be improper to dismiss the charge against the defendant without giving the State the opportunity to present its full case.

Of course, the Florida Rules of Criminal Procedure do provide a means by which the Defendant can seek a pre-trial determination of the law of the case through the filing of a sworn motion which sets forth the undisputed material facts. If the material facts are in dispute, or if the motion does not properly set forth the undisputed facts, such a motion should be denied. *State v Anderson,* 536 So.2d 1166 (Fla. 2d DCA 1988); *State v Holder,* 400 So.2d 162 (Fla. 3rd DCA 1981). Also, if the motion is not sworn to by the Defendant, it should be denied. *Holder, supra; State v Upton,* 392 So.2d 1013 (Fla. 5th DCA 1981); *State v Bruner,* 526 So.2d 1076 (Fla. 5th DCA 1988).

Thus, even if the Defendant's motion were to be treated as a proper Motion to Dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), it would be denied. First of all, it is not a sworn motion. Secondly, it does not allege that the material facts are undisputed. To the contrary, defense counsel stated at the hearing upon the said motion that the facts as set forth in the officer's deposition would, in fact, be disputed at trial.

There is an additional reason which would require a denial of the Defendant's motion even if it were treated as a Rule 3.190(c)(4) Motion to Dismiss. In order to defeat such a motion, the State is required only to show the barest prima facie case. *State v Pentecost,* 397 So.2d 711 (Fla. 5th DCA 1981); *State v Boom,* 490 So.2d 1370 (Fla. 2nd DCA 1986); *Vanhoosen v State,* 469 So.2d 230 (Fla. 1st DCA 1985). Reversing a dismissal, the court in *Pentecost* stated that

. . . [s]o long as the state barely shows a case against the accused it should be allowed to proceed with its case. Then if the accused is

141

entitled to a directed verdict at trial or an acquittal, each party has been given its due. It is only when the state cannot establish even the barest bit of prima facie case that it should be prevented from prosecuting. 397 So.2d at 712

The officer's testimony in this case is sufficient to allow the State to proceed.

Finally, if the Defendant's motion were to be treated as a Rule 3.190(c)(4) Motion, it would be denied due to the State's Amended Traverse, which alleges that the Defendant was involved in an altercation which resulted in several people "spilling out" into the street to watch the activities. Upon the filing of a proper Traverse, the Motion to Dismiss must be automatically denied. Florida Rule of Criminal Procedure 3.190(d); *Vanhoosen, supra.*

For all of the reasons stated above, the Defendant's Motion to Dismiss is denied.

## STATE v DONALD BRUCE HOLMAN

### CASE NO. 91-971-MMA

According to the deposition testimony of Officer Dan Bates of the Panama City Police Department, the Defendant's father, Deral Holman, was first arrested for Disorderly Conduct. The Defendant, Bruce Holman, then approached the arresting officers and his father on several occasions. Officer Bates testified that the Defendant, who was drunk, wanted to see his father and did get within two or three feet of his father. Officer Claude Arnold of the Panama City Police Department testified in his deposition that, as the Defendant approached the officers, he was yelling and using foul language and claiming that they had no right to arrest his father. Officer Bates testified that he was successful in requiring the Defendant to leave the immediate scene on each of his approaches. However, as the Defendant left the final time, he stated to Officer Bates, "Fuck you." Bates then arrested him for Disorderly Conduct.

Officer Bates testified that the sole reason for the Defendant's arrest was his use of obscenity toward Bates. According to Bates, the Defendant did not interfere with the officers' duties, although Officer Bates did state that his actions prevented the Defendant from getting to the point where he would have been interfering. However, Officer Arnold testified that the Defendant's approaches and the actions consequently taken by the officers did interfere with their activities. Furthermore, Officer Arnold stated that the Defendant was arrested because of his yelling and his interference with police activity.

142

Officer Bates testified that, subsequent to his initial arrest for Disorderly Conduct, the Defendant provided a false name to the officers. His true name was learned later at the police station from an I.D. in his wallet. For allegedly giving a false name to the officers, the Defendant was also charged with Resisting Officer Without Violence.

Referring to this deposition testimony, the Defendant has moved to dismiss his Disorderly Conduct charge on the ground that the foul language directed to Officer Bates cannot support such a charge. The State has agreed and, therefore, the Motion to Dismiss is rendered moot with regard to this charge. However, the State has amended its charges against the Defendant through the filing of an Information which now alleges two counts of Resisting Officer Without Violence. One such count is intended to replace the original Disorderly Conduct charge; it is now the position of the State that the approaches of the Defendant, the language that he used, and the actions of the officers necessitated by the Defendant's approaches do, in fact, constitute the offense of Resisting Officer Without Violence. The Defendant, on the other hand, contends that such a charge must fail, since one of the officers has testified that the Defendant did not interfere with the police activities.

The Defendant also contends that his original Resisting Officer Without Violence charge, which charge arose out of his allegedly giving a false name to the officers, must be dismissed. This argument was originally based on the assertion that his initial arrest for Disorderly Conduct was unlawful, since it arose solely out of the profanity allegedly directed toward Officer Bates. Since the law allows one to resist his unlawful arrest without the use of violence, the Defendant originally contended that the charge of giving a false name following his Disorderly Conduct arrest must be dismissed.

Despite the fact that the State has now changed the original Disorderly Conduct charge to another charge of Resisting Officer Without Violence, the Defendant's position remains the same. He maintains that his initial arrest is still unlawful because of Officer Bates's testimony that he did not interfere with the police. Consequently, the Defendant still contends that the charge of Resisting Officer Without Violence by subsequently providing a false name should be dismissed.

However, as to both charges of Resisting Officer Without Violence, the Defendant's Motion to Dismiss must be denied on procedural grounds. Again, this Motion appears to be, in effect, a pre-trial Motion for Directed Verdict. There is no provision for such a Motion in the

Rule of Criminal Procedure. The Court cannot dismiss a charge based upon an alleged insufficiency of evidence before the State has a chance to present all of its evidence.

Moreover, even if the Court were inclined to consider the Motion to Dismiss as one filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), the motion would have to be denied. If such a motion is not sworn to by the Defendant, or if it does not allege that the material facts are undisputed and set forth those facts, it is legally insufficient. Fla. R. Crim. P. 3.190(c)(4); *State v Holder,* 400 So.2d 162 (Fla. 3rd DCA 1981); *State v Anderson,* 536 So.2d 1166 (Fla. 2nd DCA 1988); *State v Bruner,* 526 So.2d 1076 (Fla. 5th DCA 1988); *State v Upton,* 392 So.2d 1013 (Fla. 5th DCA 1981).

Although it is not necessary to address the merits of the Defendant's claims in order to rule upon his Motion to Dismiss, consideration of the merits do raise a number of interesting questions; perhaps a discussion of some of these issues would be beneficial to both parties. First of all, with regard to the Defendant's new charge of Disorderly Conduct, it is clear that the actions of the Defendant may very well support such a charge. One who harasses and threatens an officer as he tickets another person for a traffic violation may be arrested for Resisting Officer Without Violence. *Greene v City of Sunrise,* 323 So.2d 30 (Fla. 4th DCA 1975). In *Wilkerson v State,* 556 So.2d 453 (Fla. 1st DCA 1990), *rev. denied,* 564 So.2d 1088 (Fla. 1990), the Court upheld a conviction of Resisting Officer Without Violence in the case of a defendant who had yelled and cursed at the officers and who had refused to leave the area where the officers were attempting to make arrests. The Court also noted that the defendant was arrested because the officer considered her physical presence to be an obstruction or impediment in the performance of his duties. Finally, in light of the amendment to the charge in this case, it is especially interesting to note that the loud and abusive interference of an officer's investigation may support an arrest and conviction for Disorderly Conduct. *Delaney v State,* 489 So.2d 891 (Fla. 1st DCA 1986).

It should be noted that it is possible that a conviction based upon the Defendant's alleged obstruction of the officers may depend upon the lawfulness of the arrest of his father, Deral Holman. It is clear that one may resist without violence his own unlawful arrest. *English v State,* 293 So.2d 105 (Fla. 1st DCA 1974); *Johnson v State,* 395 So.2d 594 (Fla. 2d DCA 1981); *Davis v State,* 381 So.2d 285 (Fla. 1st DCA 1980). In determining the legality of a warrantless arrest for a misdemeanor alleged to have occurred in the presence of the arresting officer, the question is not whether the arrested person is actually guilty of the

144

offense for which he is arrested. The determining factor is whether or not the officer has substantial reason to believe that the person was committing a misdemeanor. *Rosenberg v State,* 264 So.2d 68 (Fla. 4th DCA 1972). As to this issue, if the facts are in dispute or if the State has presented a prima facie case, the question of whether or not the officer was acting within the lawful performance of his duties is one to be decided by the jury. *Williams v State,* 511 So.2d 740 (Fla. 5th DCA 1987); *State v Gilchrist,* 458 So.2d 1200 (Fla. 5th DCA 1984); *Smith v State,* 399 So.2d 70 (Fla. 5th DCA 1981).

Moreover, in *Smiley v State,* 354 So.2d 922 (Fla. 2d DCA 1978), the Court reversed the conviction of a defendant who had obstructed the arrest of his sister, since the sister's arrest was found to be unlawful. Therefore, if the initial arrest of the Defendant's father is found to be unlawful, the Defendant's own charge of Resisting Officer Without Violence through his alleged obstruction of the officers' duties would fail.

With regard to the Defendant's charge of Resisting Officer Without Violence for allegedly providing a false name to the officers, the providing of such false information may, in fact, constitute such a crime. *Rumph v State,* 544 So.2d 1150 (Fla. 5th DCA 1989). However, if the false information is corrected before any harm is done or any investigation is impeded, a conviction for Resisting Officer Without Violence will not stand. *Steele v State,* 537 So.2d 711 (Fla. 5th DCA 1989); *P.P. v State,* 466 So.2d 1140 (Fla. 3d DCA 1985).

Also, as indicated above, it must be pointed out that the Defendant's alleged offense of giving a false name may not survive if his initial arrest for allegedly obstructing or opposing the officers was unlawful. Whether that initial arrest was unlawful, of course, depend upon a determination of whether or not his actions were sufficient to give the officers substantial reason to believe that he was committing a misdemeanor. *Rosenberg, supra.* Additionally, as indicated above, the lawfulness of the Defendant's arrest for allegedly obstructing the officers may, in turn, depend upon the lawfulness of his father's arrest for Disorderly Conduct. Consequently, both of the Defendant's charges of Resisting Officer Without Violence could very well be decided on the basis of the lawfulness of his father's arrest for Disorderly Conduct.

Despite the intriguing nature of the merits of these issues, it is not necessary to examine them in order to decide the issue now before the Court. For the procedural reasons stated above, the Defendant's Motion to Dismiss is denied.

DONE AND ORDERED in chambers at Panama City, Bay County, Florida, this 29th day of May, 1991.