PER CURIAM.
The State of Florida challenges the trial court’s final order granting the appellees’, Gwendolyn Rutledge and Donald Crosley, motion to dismiss a RICO charge and a conspiracy charge. We affirm the dismissal of the RICO charge but reverse the dismissal of the conspiracy charge.
The appellee Crosley filed a cross-appeal challenging the denial of his motions to sever defendants and offenses and challenging the denial of his motion to dismiss the trafficking in cocaine charge. We find no merit to the points raised in the cross-appeal and affirm the denial of cross-appellant’s motions.
The state charged the appellees along with six other defendants with three counts of possession of cocaine, two counts of trafficking in cocaine, one count of delivery of cocaine, one count of conspiracy to traffic in cocaine, and one count of a RICO violation. The appellees filed a motion to dismiss. The trial court dismissed the conspiracy count and the RICO count. The state filed a timely notice of appeal.
A motion to dismiss in a criminal proceeding must demonstrate that the undisputed material facts fail to establish a prima facie case of guilt or a valid defense. State v. Anderson, 536 So.2d 1166 (Fla. 2d DCA 1988). We affirm the dismissal of the *1265 RICO charge because the state failed to make a prima facie showing of the existence of a criminal enterprise. Boyd v. State, 578 So.2d 718 (Fla. 3d DCA), review denied, 581 So.2d 1310 (Fla.1991).
In order to prove the existence of an enterprise, the state must present evidence of an ongoing organization, formal or informal, with various associates who function as a unit. Boyd. The state must also show that the group has an identifiable decision making structure and a mechanism for controlling and directing the group on an ongoing basis. Boyd. There was no evidence of an identifiable decision making structure for directing the group as a whole. The state’s only evidence on the RICO charge consisted of recorded telephone conversations between appellee Rutledge and codefendant Ronnie Russell which only indicated buy/sell transactions between those two. Since the state failed to make a prima facie showing of the element of a criminal enterprise, the trial court properly dismissed the RICO charge.
The state did, however, make a pri-ma facie showing of the elements of a conspiracy charge against the appellees. The trial court dismissed the conspiracy count against all eight defendants based on the belief that the state had to show all eight conspired together. The state appealed the dismissal of the conspiracy count only as to appellees and codefendant Russell. The state’s appeal as to codefend-ant Russell proceeded separately and resulted in an opinion consistent with the results stated herein. State v. Russell, 611 So.2d 1265 (Fla. 2d DCA 1992).
The state charged all eight defendants as conspiring “amongst and between” themselves. A conspiracy conviction for one defendant cannot be sustained where all the other codefendants charged with conspiracy have been acquitted. Filer v. State, 285 So.2d 669 (Fla. 2d DCA 1973). In this case, however, the record establishes a prima facie case against the appellees and codefendant Russell. Thus, the fact that the conspiracy count may have been properly dismissed as to five of the defendants does not prevent this court from reversing and reinstating the conspiracy count if there is sufficient evidence to establish a conspiracy between the appellees and codefendant Russell.
The crime of conspiracy involves an express or implied agreement between two or more people to commit a criminal offense. Both an agreement and an intent to commit the offense are necessary elements. Jimenez v. State, 535 So.2d 343 (Fla. 2d DCA 1988). The record establishes that there exists a prima facie case of conspiracy against the appellees. See State v. Pentecost, 397 So.2d 711 (Fla. 5th DCA 1981) (only when state cannot establish even barest bit of prima facie case should it be prevented from prosecuting).
We reverse the trial court’s order dismissing the charge of conspiracy to traffic in cocaine. We affirm the dismissal of the RICO charge.
We affirm the trial court’s order dismissing cross-appellant Crosley’s motions to sever and motion to dismiss the trafficking in cocaine charge.
Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and SCHOONOVER and ALTENBERND, JJ., concur.