FLETCHER, Judge.
Candido Logan appeals his conviction for resisting arrest without violence, contending that the trial court improperly admitted collateral and wholly irrelevant evidence of prior acts of violence which were highly prejudicial and thus reversal is required in accordance with Williams v. State, 110 So.2d 654 (Fla.1959). We disagree and thus affirm.
The evidence Logan challenges is a document — an “ex parte temporary injunction for protection against domestic violence pursuant to section 741.30, Florida Statutes,”— which a law enforcement officer was attempting to serve when he was allegedly battered by Logan. The charges tried included resisting an officer with violence in violation of section 843.01, Florida Statutes (1995),[1] an *141 element of which is the officer’s being engaged in the lawful execution of a duty. Smith v. State, 399 So.2d 70 (Fla. 5th DCA 1981). The document is thus relevant as it demonstrates and helps explain the lawful duty being carried out. As a consequence, the document is not violative of the Williams rule and was properly admitted into evidence.
Affirmed.

. Which states:
"Whoever knowingly ' and willfully resists, obstructs, or opposes any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9); member of the Parole Commission or any administrative aide or ‘ supervisor employed by the commission; parole and probation supervisor; county probation officer; personnel ór representative of the Department of Law Enforcement; or other person legally authorized to *141 execute process in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.”