354 So.2d 107 (1978)
John Harvin MARSHALL and Eddie Ruth Marshall, Petitioners,
v.
STATE of Florida, Respondent.
No. 77-708.
District Court of Appeal of Florida, Second District.
January 13, 1978.
Rehearing Denied February 16, 1978.
Enrique Escarraz, III, St. Petersburg, for petitioners.
E.J. Salcines, Jr., State Atty., and Thomas P. Fox, Asst. State Atty., Tampa, for respondent.
PER CURIAM.
Petitioner Eddie Ruth Marshall was charged with driving a motor vehicle without a driver's license and resisting arrest without violence. Petitioner John Harvin Marshall was charged with resisting arrest without violence, interfering with a police officer, and assault on a police officer. Both petitioners were tried by a jury in a joint trial in county court.
At the close of the state's case, the court directed a verdict of acquittal on the charge of resisting arrest without violence against *108 Mr. Marshall. The jury found the petitioners guilty as charged on the remaining counts. On appeal to the circuit court the judgments of guilt were affirmed. The petitioners seek review of the circuit court order by petition for certiorari.
Our standard for review on common law certiorari is whether there was a departure from the essential requirements of law. Clermont Marine Sales, Inc. v. Harmon, 347 So.2d 839 (Fla. 2d DCA 1977). Measured by this criterion, the convictions of Eddie Ruth Marshall must be quashed, but the convictions of John Harvin Marshall need not be disturbed.
Section 322.03, Florida Statutes (1975) specifies that no person shall drive a motor vehicle upon a highway in this state without a valid license as an operator or chauffeur. While there is nothing in this record to indicate that Eddie Ruth Marshall had a driver's license, there was also no evidence whatsoever to prove that she ever drove a motor vehicle. The arresting officer observed her getting into a car and sitting down in the driver's seat. He said nothing about the car having moved or the ignition having been turned on. Unlike Section 316.028, Florida Statutes (1975), to be in actual physical control of a motor vehicle is not enough to convict for driving without a license. Surely, the conviction of a crime without proof of an essential element must constitute a departure from the essential requirements of law.
Since the arresting officer had no warrant and there was no evidence that Eddie Ruth Marshall had committed even a misdemeanor in his presence, the arrest of Ms. Marshall was unlawful. Section 901.15, Florida Statutes (1975). At common law, one could resist an unlawful arrest with impunity. Burgess v. State, 313 So.2d 479 (Fla. 2d DCA 1975). However, in 1974 our legislature enacted Section 776.051 which prohibits the use of force in resisting an arrest by a person reasonably known to be a law enforcement officer regardless of the legality of the arrest. In view of the fact that Section 776.051, Florida Statutes (1975) proscribes only the use of force in resisting arrest, we must assume that the common law rule, long recognized in Florida, remains in effect with respect to the right to resist an unlawful arrest without resorting to the use of force. Eddie Ruth Marshall was charged with resisting arrest without violence, and there was no evidence that she used any force to resist her arrest. She simply ran off when her brother assailed the police officer for having placed her under arrest.
Certiorari is granted to the extent that the convictions of Eddie Ruth Marshall are hereby quashed; otherwise, the petition for certiorari is denied.
HOBSON, Acting C.J., and GRIMES and SCHEB, JJ., concur.