633 So.2d 1150 (1994)
STATE of Florida, Petitioner,
v.
Peter P. LOPEZ, Respondent.
No. 93-2632.
District Court of Appeal of Florida, Fifth District.
March 18, 1994.
Lawson Lamar, State Atty., and Hal C. Epperson, Jr., Asst. State Atty., Orlando, for petitioner.
Joseph W. DuRocher, Public Defender, and Catherine Ann Medling, Asst. Public Defender, Kissimmee, for respondent.
PETERSON, Judge.
The state seeks a petition for writ of certiorari to review a decision of the circuit court of the Ninth Judicial Circuit sitting in its appellate capacity. The circuit court affirmed the Osceola County Court's dismissal of a charge against Peter Lopez for driving with a suspended license. Specifically, Lopez was arrested for driving an automobile in the parking lot of an establishment known as Calico Jack's. Lopez successfully argued before the county court that parking lots were not contemplated within the statutory definition of streets and highways, and thus driving there with a suspended license was not prohibited.
The circuit court's order indicated that the county court was bound to follow a decision of the circuit court for Osceola County, Ellis v. State, Case No. AC88-1 (Fla. 9th Cir.Ct. December 28, 1988), holding that parking lot is not included in the definition of a street or highway and noting that criminal statutes are to be construed strictly against the state. The state argues that a circuit court appellate decision controls over all county courts in its circuit, in this case, the Ninth Circuit, and that conflicting decisions exist in the Ninth Circuit on the underlying substantive issue.[1]
We agree with the state that the Osceola County Court is not bound solely by the circuit court decisions originating in Osceola County. The decision of a circuit court acting in its appellate capacity is binding upon all county courts within that circuit. Fieselman v. State, 566 So.2d 768 (Fla. 1990). We also note that circuit court appellate panels or judges are not usually assigned based upon the county from which an appeal originates. *1151 However, Fieselman offers no guidance to a county court when there are conflicting opinions within the circuit court, and the supreme court may need to resolve the issue by rule  especially now that jurisdiction of the county courts has been expanded. It can be anticipated that the expansion will result in an increase in circuit court appellate decisions. Florida Rule of Appellate Procedure 9.331 provides for en banc consideration by district courts in order to maintain uniformity in court decisions, but the rule is not directed to circuit courts sitting in their appellate capacity. An en banc rule for most circuits may be impractical because of the large number of circuit judges that would be involved.
Interpretation of section 322.01(38), Florida Statutes (1993) was the issue before the county court in disposing of Lopez's motion to dismiss. The statute defines a street or highway as "the entire width between the boundary lines of a way or place if any part of that way or place is open to public use for purposes of vehicular traffic." The circuit court in Palm Beach County reviewed the history of the statute in State v. Berkshire, 42 Fla. Supp.2d 83 (Palm Beach, 15th Cir.Ct. 1990). In affirming a defendant's conviction for driving with a suspended license in a parking lot of a mall, the court noted that prior to 1977, streets and highways were limited to publicly maintained property, but in 1981 the legislature deleted that limitation. The new language of the statute appears to us to clearly apply to parking lots that are open to the public and are travelled by vehicles whether or not the lot is owned by a governmental agency. Roadways and parking areas in malls, industrial parks and similar areas sometimes cover large areas of heavily travelled roadways and parking areas that cannot be ignored without placing the public's safety in jeopardy. The police must have the ability to regulate vehicular traffic to protect the public welfare and we find no restriction in the statutory definition that would preclude enforcement in those areas.
We hold that the circuit court sitting in its appellate capacity was required to consider all decisions of the circuit court in the Ninth Circuit when searching for precedents upon which to base its decision, and, in the absence of a rule of procedure to resolve conflicts among the decisions, to make its independent decision. We also hold that the definition of a street or highway set forth in section 322.01(38), Florida Statutes (1993) includes traffic ways and parking areas that are open to the public use by vehicles even though the areas are not owned or maintained by a governmental agency.
Accordingly, we grant the petition for writ of certiorari and quash the circuit court order, with directions to the circuit court to reverse the dismissal and discharge entered by the county court judge, and further to remand this cause to the county court for further proceedings consistent herewith. State v. Richard, 610 So.2d 107 (Fla. 3d DCA 1992).
WRIT ISSUED; ORDER QUASHED AND REMANDED.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] Karasek v. State, No. CJAP 90-18 (9th Cir.Ct., December 11, 1990) (Orange County); Tardif v. State, CJAP 88-22 (9th Cir.Ct., December 28, 1988) (Osceola County); Reynolds v. State, 20 Fla. Supp.2d 109 (9th Cir.Ct., 1986) (Orange County).