KLEIN, Judge.
Morris Sheres, who was insured by Government Employees Insurance Company (GEICO), negligently drove a vehicle rented from Budget Rent-A-Car and struck a pole, injuring his wife who was a passenger. She sued Mr. Sheres and Budget, and Budget filed a cross-claim for indemnity against Mr. Sheres and GEICO. Budget settled with Mrs. Sheres, and the trial court subsequently concluded that the GEICO policy did not cover Budget’s cross-claim against Mr. Sheres for indemnification. We reverse.
GEICO relied upon the following exclusionary language in its policy:
*609 6. Your bodily injury or your spouse’s bodily injury is not covered. We will cover a spouse if named as a third party defendant in a legal action initiated by his or her spouse against another party, (emphasis added).
Rule 1.180, Florida Rules of Civil Procedure defines a third party defendant as follows:
At any time after commencement of the action a defendant may have a summons and complaint served on a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiffs claim against the defendant.... The person served with the summons and third-party complaint, herein called the third-party defendant, shall make defenses to the defendant’s claim ... and counterclaims against the defendant and cross-claims against other third-party defendants _(emphasis added).
GEICO argues that because Mr. Sheres was already a party to the action as a result of having been sued by his wife, he is not a third-party defendant within the meaning of rule 1.180, and is accordingly not covered. We disagree with GEICO’s argument, because we find that its reliance on rule 1.180 to define third-party defendant is overly restrictive. When an insurer fails to define a term in a policy, as it did here, it cannot take the position that there should be a “narrow, restrictive interpretation of the coverage provided.” National Merchandise Co. v. United Serv. Auto. Ass’n, 400 So.2d 526, 530 (Fla. 1st DCA1981).
Parties often get labelled in law suits by happenstance, depending on when, rather than by whom, they are sued. We believe that the insurer intended to provide coverage where, as here, Mr. Sheres was being sued by a tort-feasor who was being sued by Mr. Sheres’ spouse. If Mrs. Sheres had not sued Mr. Sheres until after Budget had brought Mr. Sheres into the case as a third party defendant, there would be coverage for Mr. Sheres on Budget’s claim against him. To deny coverage merely on the basis of when Mr. Sheres was first brought into the law suit, when the claims would be identical under both scenarios, produces, in our opinion, an absurd result. As our supreme court stated in Inter-Ocean Casualty Co. v. Hunt, 138 Fla. 167, 189 So. 240, 242-43 (1939):
If one interpretation looking to the other provisions of the contract and to its general object and scope would lead to an absurd conclusion, such interpretation must be abandoned, and that adopted which will be more consistent with reason and probability. In all cases the policy must be liberally construed in favor of the insured.
We conclude that we should look at the substance of Budget’s claim against Mr. Sheres, and that coverage should not turn on the order in which the claims were filed, but rather on who was filing the claim against Mr. Sheres. We therefore find coverage for Budget’s claim against Mr. Sheres and reverse.
GLICKSTEIN, J., and OFTEDAL, RICHARD L., Associate Judge, concur.