DAUKSCH, Judge.
This is an appeal from an order granting a motion to suppress evidence which appel-lee had claimed was seized as a result of an illegal search and seizure.
Appellee was sitting in the driver’s seat óf a vehicle and was holding what looked like an alcoholic beverage. A police officer asked appellee to hand over the drink for inspection because a partially full bottle of liquor was on the seat next to the driver and she, the officer, was investigating. The drink smelled of an alcoholic beverage so this led the officer to ask appellee for her driver’s license. The officer then determined the license was suspended. An arrest ensued and cocaine was found in a search incident to arrest.
The trial judge found
... It is conceded that the open container violation does not subject the offender to an arrest. The state’s argument to justify the warrantees [sic] search was predicated upon the arrest for driving while license suspended. The facts of this case do not establish probable cause for such an arrest. The vehicle was not running, nor had anyone seen the defendant drive the vehicle. Unlike the DUI statute where the legislature specifically included actual physical control the driving while license suspended statute has no such language. Marshall v. State, 354 So.2d 107 (2nd D.C.A.1978).
After the ruling in Marshall, relied upon below, the legislature passed a new law which brought the suspended license drivers in fine with the DUI drivers and defined one who drives a vehicle as one who “operate[s] or ... [is] in actual physical control ...” § 322.01(15), Fla. Stat. (1999) from ch. 89-282, § 3, at 1665, Laws of Fla.
*781 The order of suppression is quashed and this cause remanded for further proceedings.
ORDER QUASHED; REMANDED;
COBB and HARRIS, JJ., concur.