761 So.2d 1248 (2000)
STATE of Florida, Appellant,
v.
Ernest E. TUCKER, Appellee.
No. 2D99-4074.
District Court of Appeal of Florida, Second District.
July 14, 2000.
*1249 Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and John C. Fisher, Assistant Public Defender, Bartow, for Appellee.
THREADGILL, Acting Chief Judge.
The appellee was charged with driving while license suspended or revoked (DWLSR) as a habitual traffic offender, a third-degree felony, under section 322.34(5), Florida Statutes (1999). He filed a sworn motion to dismiss the information, pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), alleging two grounds for dismissal: that he was legally parked in a private parking lot when he was observed by law enforcement officers, and that actual physical control of a motor vehicle does not support a conviction for DWLSR. After a hearing on the motion, the trial court dismissed the information. The State appeals. We reverse and remand for further proceedings.
The trial court based its ruling on this court's decision in Marshall v. State, 354 So.2d 107 (Fla. 2d DCA 1978), which held that, under the statutes in effect in 1975, actual physical control of a motor vehicle was not enough to convict for driving without a license. The statutes regulating driver's licenses have been amended since Marshall. See Ch. 89-282, § 3, at 1665, Laws of Fla. As noted by the Fifth District in State v. Bostick, 751 So.2d 780 (Fla. 5th DCA 2000), which was issued after the trial court's ruling in this case, section 322.01(15), Florida Statutes (1999) now includes the following definition for the term "drive": "[a]s used in this chapter... `[d]rive' means to operate or be in actual physical control of a motor vehicle in any place open to the general public for purposes of vehicular traffic." According to the plain language of this provision, the definition of "drive" in section 322.01(15) applies to section 322.34.
The appellee concedes on appeal that actual physical control now applies to DWLSR. He argues, however, that even if actual physical control applies to DWLSR, he was in a private parking lot and not driving upon the highways of this state, which is an element of the offense under section 322.34(5). Section 322.34(5) provides that any person whose driver's license has been revoked as a habitual offender and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree. "Street or highway" is defined in section 322.01(38) as "the entire width between the boundary lines of a way or place if any part of that way or place is open to public use for purposes of vehicular traffic." This definition has been held to include parking lots that are open to public use by vehicles, even though such parking lots may be privately owned. See State v. Lopez, 633 So.2d 1150 (Fla. 5th DCA 1994).
In this case, the appellee's sworn motion to dismiss states that he was in a car parked in a private dirt/gravel parking lot. There remains a material factual issue as to whether the parking lot was a place open to public use for purposes of vehicular traffic. This factual issue precludes the dismissal of the information. See Baltrus v. State, 571 So.2d 75 (Fla. 4th DCA 1990); Fieselman v. State, 537 So.2d 603 *1250 (Fla. 3d DCA 1988). We therefore reverse and remand for further proceedings.
Reversed and remanded.
STRINGER, J., and SCHEB, JOHN M., (Senior) Judge, Concur.