877 So.2d 834 (2004)
Mario ABREU, Appellant/Cross-Appellee,
v.
LLOYD'S, LONDON, Appellee/Cross-Appellant.
No. 3D03-1379.
District Court of Appeal of Florida, Third District.
July 7, 2004.
*835 Lopez & Best and Virginia M. Best, for appellant/cross-appellee.
Adorno & Yoss, P.A., and Jack R. Reiter and William S. Berk and Effie D. Silva, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and GODERICH, J., and DELL, JOHN W., Senior Judge.
DELL, JOHN W., Senior Judge.
Mario Abreu ("Abreu") appeals from a Final Judgment in favor of appellee, Lloyd's of London ("Lloyd's"). Lloyd's cross-appeals from an order denying its motion to dismiss for lack of prosecution. We reverse the trial court's Final Judgment in favor of Lloyd's and affirm the trial court's denial of Lloyd's motion to dismiss for lack of prosecution.
Lloyd's insured a truck owned by Abreu. During the night of April 26, 1998, Abreu's truck was stolen. He had parked the truck for the night on the side of a street. Abreu filed a claim with Lloyd's. Lloyd's denied coverage pursuant to the special conditions set forth in section 5 of its policy. Section 5 provides in part: "Warranted vehicle not left on open highway overnight." Abreu filed suit and the parties agreed to refer the case to a General Master. The General Master concluded that Lloyd's' failure to define the term "open highway" did not render the term ambiguous and that "under the plain meaning of the policy, the theft of the truck was not covered, ... as [Abreu] parked the truck on an open highway overnight." The trial court approved the General Master's Report and entered Final Judgment in favor of Lloyd's. Abreu argues that Lloyd's failure to define the term "open highway" made the provision ambiguous as applied to his claim and that because of this ambiguity the policy must be construed in his favor. We agree.
The supreme court explained in State Farm Fire & Cas. Co. v. CTC Dev. Corp., that:
The lack of a definition of an operative term in a policy does not necessarily render the term ambiguous and in need of interpretation by the courts ... [h]owever, where policy language is subject to differing interpretations, the term should be construed liberally in favor of the insured and strictly against the insurer.
720 So.2d 1072, 1076 (Fla.1998). Here, the lack of a definition of the term "open highway" constituted an ambiguity that cannot be cured by simply looking to the terms "highway" and "open" as defined in various *836 dictionaries and the Florida Statutes.[*] For example, Lloyd's cites section 633.021(12), Florida Statutes (2003), in support of its argument that the term "open highway" applies to a vehicle parked on the side of a street. Section 633.021(12) provides, in part:
`Highway' means every way or place of whatever nature within the state open to the use of the public, as a matter of right, for purposes of vehicular traffic and includes public streets, alleys, roadways, or driveways upon grounds of colleges, universities, and institutions and other ways open to travel by the public...
The broad scope of the term "highway" as defined in this statute highlights the ambiguity created by the term "open highway" as used in the policy. Lloyd's has shown that the definition of the term "highway" may include streets and many "other ways open to travel by the public." Id. It follows that if the term "open highway" applies to streets, as Lloyd's argues, it must also apply to alleys, roadways, driveways, and similar means of travel. The result of such an interpretation would virtually eliminate coverage under the policy for the theft of a vehicle parked overnight on or at the side of a street or any other public way. "When an insurer fails to define a term in a policy, ... the insurer cannot take the position that there should be a `narrow, restrictive interpretation of the coverage provided.'" State Comprehensive Health Ass'n v. Carmichael, 706 So.2d 319, 320-21 (Fla. 4th DCA 1997) (quoting Budget Rent-A-Car Sys., Inc. v. Gov't Employees Ins. Co., 698 So.2d 608, 609 (Fla. 4th DCA 1997)). Consequently, the lack of a definition of the term "on open highway" precludes Lloyd's from taking the position that the theft coverage provided by this policy does not apply to a vehicle parked overnight on the side of a street. We therefore hold that the term "open highway," as used in this policy, is ambiguous and that the trial court erred when it entered judgment for Lloyd's on Abreu's claim for the theft of his truck.
As to the cross-appeal, we affirm the trial court's denial of Lloyd's' motion to dismiss for lack of prosecution. See Lukowsky v. Hauser & Metsch, P.A., 677 So.2d 1383 (Fla. 3d DCA 1996); Air Line Pilots Ass'n v. Schneemilch, 674 So.2d 782 (Fla. 3d DCA 1996).
Accordingly, we reverse the Final Judgment in favor of Lloyd's and remand this matter to the trial court to determine damages and for entry of a judgment in favor of Abreu. We affirm the denial of Lloyd's' motion to dismiss for lack of prosecution.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
NOTES
[*] Specifically, Lloyd's cites to § 316.003(53), Fla. Stat. (2003); § 322.02(38), Fla. Stat. (2003); § 633.021(12), Fla. Stat. (2003); Merriam-Webster's Collegiate Dictionary 587 (11th ed.2003); Merriam-Webster's Collegiate Dictionary 868 (11th ed.2003); Black's Law Dictionary 734 (7th ed.1999); Roget's II, The New Thesaurus (3d ed.1995); Merriam-Webster's Collegiate Thesaurus 369 (1988).