943 So.2d 968 (2006)
Kevin GALSTON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-270.
District Court of Appeal of Florida, Fifth District.
December 8, 2006.
*969 R.L. Dorough, Orlando, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, C.J.
Kevin Galston appeals his conviction for driving while his license was permanently revoked, in violation of section 322.341, Florida Statutes (2005). He argues that because he was not driving on a "highway" as defined in section 322.01(38), Florida Statutes (2005), the trial court erred both in the denials of his motions to dismiss and for judgment of acquittal. He also argues that the trial court improperly modified the standard jury instruction defining the term "highway" by adding language from section 633.021(12), Florida Statutes (2005). We agree and reverse.
In April 2005, a Florida Fish and Wildlife Commission officer observed Galston fishing and then driving on the premises of the Richloam State Fish Hatchery, which was closed to the public during a construction project. He was charged with driving while license permanently revoked and fishing without a license. He does not appeal his conviction for fishing without a license.
Galston filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), alleging that the "construction site upon which the Defendant was driving was not open to the public for purposes of vehicular traffic."
At a hearing on this motion, the court allowed testimony from two defense witnesses. Richard Stout, the manager of the fish hatchery, testified that prior to January 2004, the hatchery had been open to the public for purposes of vehicular traffic. However, when construction began in January 2004, the hatchery property was closed to the public. The construction company erected no trespassing signs prohibiting entry by the general public at the only entrance to the property.
Stout also testified that during construction, vehicular traffic could travel to the hatchery office and to two residences located within the hatchery property. We disagree with the State's position that this evidence establishes that the hatchery property was "open to the public for the purposes of vehicular traffic."
Scott Watson, construction manager of the project at the hatchery, testified that construction began in 2004 and was scheduled to be completed in June 2006. The construction company posted signs at the entrance to the property designating the property as a construction site and requiring all visitors to check in at the office. Watson testified that Galston was employed by the construction company as a *970 pipe foreman on the project, but he was unsure as to whether Galston was on the job at the time he was stopped, which was a Saturday about 12:10 p.m.
The prosecutor urged the court to consider section 633.021(12), Florida Statutes (2005),[1] which stated:
"Highway" means every way or place of whatever nature within the state open to the use of the public, as a matter of right, for purposes of vehicular traffic and includes public streets, alleys, roadways, or driveways upon grounds of colleges, universities, and institutions and other ways open to travel by the public, notwithstanding that the same have been temporarily closed for the purpose of construction, reconstruction, maintenance, or repair. The term does not include a roadway or driveway upon grounds owned by a private person.
(Emphasis added). Apparently relying on this statute, the court denied Galston's motion to dismiss, noting testimony that the location was a "public access road" with a "temporary stop for construction."
At trial, Officer Mark Bashard testified that on April 30, 2005, he observed Galston fishing and then driving on a fishery pathway. Galston did not have a fishing license or a driver's license. Galston told Bashard he was off work and was heading home. Bashard confirmed that the following signs were posted at the property entrance: "Visitors must sign in at the trailer," "No Trespassing" and "No Fishing."
Galston moved for judgment of acquittal on the ground that the evidence showed only that Galston was driving in a closed construction area that was not open to the public. The court ruled that the issue of whether the road was open or closed to the public was for the jury to decide.
The defense called fishery manager Stout and construction manager Watson. Consistent with their testimony in the hearing on the motion to dismiss, they indicated that the fishery property had been closed to the public since construction began in January 2004. When construction began, the contractor erected signs indicating that it was a closed construction site.
The trial court announced that it had crafted a special instruction defining the term "highway" as follows:
Highway means the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel, notwithstanding that the same has been temporarily closed for the purpose of construction, reconstruction, maintenance or repair.
Defense counsel objected to the instruction on the ground that it did not correctly state the law. The jury found Galston guilty as charged by driving while his license was permanently revoked and fishing without a license.
On appeal, Galston argues that the trial court erred by denying his motion to dismiss because the court erroneously relied on the definition of the term "highway" contained in section 633.021(12), Florida Statutes (2005). Galston argues that the correct definition of the term "highway" is contained in section 322.01(38), Florida Statutes (2005). That subsection states:
(38) "Street or highway" means the entire width between the boundary lines of a way or place if any part of that way or place is open to public use for purposes of vehicular traffic.
A de novo standard applies for reviewing the denial of a motion to dismiss *971 pursuant to Rule 3.190(c)(4). State v. Massey, 873 So.2d 494 (Fla. 5th DCA 2004). That rule allows the defendant to file a motion to dismiss if "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant."
The State filed a demurrer stating that it "denies the facts as alleged by the defendant in paragraphs . . . 3 . . . of defendant's motion." This denial was not specific, and therefore was not sufficient to dispute Galston's factual allegations. Rule 3.190(d) states and State v. Kalogeropolous, 758 So.2d 110, 112 (Fla.2000), holds that Rule 3.190(d) requires the State to specifically deny factual allegations and if necessary, add additional material facts that meet the minimal requirement of a prima facie case.
The State argues that Galston waived this issue by arguing that "it appears technically that the motion to dismiss should have been denied on the demurrer and the traverse. . . ." However, Galston qualified that argument, stating "the parties apparently agreed to take testimony and allowed the court to rule on the motion to dismiss. Nothing in the testimony of Richard Stout or Scott Watson contradicted Galston's allegation that the area in question was a closed construction site and not a road open to the public. Both testified that the area was closed to the public and had signs posted at the entrance designating the area as a closed construction site.
Despite the undisputed allegations and testimony that the road was closed to the public, the trial court relied on section 633.021(12), Florida Statutes (2005), and found that the area was a highway that was temporarily closed for construction. This was error because section 633.021(12) does not apply. The term "highway" in section 322.341 is specifically defined in section 322.01(38). Under this definition, the trial court should have granted Galston's motion to dismiss because the State failed to specifically deny his allegation that the area was closed to the public or allege additional facts showing that the area was open to the public. Kalogeropolous.
The definition of the term "highway" in section 633.021(12) is significantly different from the one found in section 322.01(38). While both refer to ways and places for "use of the public" or "public use," section 633.021(12) broadens the application of the term to such ways and places even if they are "temporarily closed for construction, reconstruction, maintenance or repair." Section 633.021(12) is in the insurance code, not the criminal code. In Abreu v. Lloyd's, London, 877 So.2d 834 (Fla. 3d DCA 2004), the Third District Court noted the "broad scope" of this definition, applying it to construe the ambiguous policy term "open highway" liberally in favor of coverage. Id. at 835.
The definition in section 633.021(12) does not apply in the instant case because the Legislature expressly limited its use to the term "highway" "as used in this chapter," meaning Chapter 633. § 633.021, Fla. Stat. (2004) (emphasis added). In similar fashion, the Legislature expressly directed that the definition of "highway" found in section 322.01(38) shall be used to define the term "highway" as used in section 322.341. Thus, the Legislature expressly prohibited the use of the definition in section 633.021(12) to define the term "highway" in section 322.341.
Even if the definition in section 322.01(38) was ambiguous or incomplete, the rule of lenity precludes the trial court's application of the section 633.021(12) definition. Any ambiguity in a criminal statute must be construed in favor of the defendant. § 775.021(1), Fla. Stat. (2006).
In essence, the trial court added language from section 633.021(12) to the *972 definition in section 322.01(38). This additional language broadened the definition of "highway" to favor the State and prejudice the defendant. Such action violated the expressly stated directives of the Legislature regarding the use of such definitions and violated the rule of lenity. Accordingly, the trial court should have granted Galston's motion for judgment of acquittal. The evidence at trial was undisputed that the area in which Galston was driving was closed to the public.[2]
The State cites to State v. Tucker, 761 So.2d 1248 (Fla. 2d DCA 2000), for the proposition that the question of whether a highway is open to public use by vehicles is one of fact to be resolved by the jury. In Tucker, the appellate court reversed the dismissal of a felony driving while license suspended charge. The defendant argued that he had not committed a crime because he was in a private parking lot. The appellate court disagreed, noting that prior cases had held that the definition of the term "highway" in section 322.01(38) included parking lots open to public use by vehicles even though they were private. Consequently, the court concluded that a material fact issue remained "as to whether the parking lot was a place open to public use for purposes of vehicular traffic." Id. at 1249.
The instant case is distinguishable, both factually and legally. Factually, there is no dispute in the instant case that the road was closed to public use. Galston alleged that it was closed and his witnesses testified that it was closed. The issue in the instant case was not the factual issue of whether the road was open but the legal issue of whether the definition of the term "highway" should include roads "temporarily closed for construction, reconstruction, maintenance or repair." Thus, Tucker does not control.
Finally, Galston argues that the trial court erred in modifying the standard jury instruction to add the language in section 633.021(12), because the resulting instruction was an incorrect statement of the law. While a trial court is free to modify the standard instructions to fit the facts of a particular case, it is not free do so if such modification would materially change the applicable law. Carpenter v. State, 785 So.2d 1182, 1200 (Fla.2001).
The trial court relied on State v. Lopez, 633 So.2d 1150 (Fla. 5th DCA 1994), as authority to allow it to modify the standard instruction on the definition of the term "highway." Lopez did not involve a jury instruction, nor does it support the trial court's definition. Instead, Lopez simply held that the definition of the term "highway" found in section 322.01(38) included parking lots in "malls, industrial parks and similar areas" because those areas were "heavily traveled" and "open to the public" even though they were privately owned. Id. at 1151. Thus, Lopez did not expand the definition in section 322.01(38). It simply applied it to the facts of that case.
Accordingly, we reverse and remand with instructions to discharge Galston on the charge of driving while his license was permanently revoked.
REVERSED AND REMANDED.
LAWSON and EVANDER, JJ., concur.
NOTES
[1] This section has been renumbered as section 633.021(13), Florida Statutes (2006).
[2] We have considered the State's argument that Galston failed to renew his motion for judgment of acquittal at the close of the evidence, implying that the argument was not preserved for appeal. However, it is no longer necessary for a defendant to renew a motion for judgment of acquittal at the close of the evidence. It is sufficiently preserved if made at the close of the State's case. Brooks v. State, 762 So.2d 879, 895 n. 18 (Fla.2000).