GRIFFIN, J.
 

 Stephen Mattingly [“Appellant”] entered a nolo contendere plea to possession of methamphetamine and driving while license suspended or revoked, reserving the right to appeal the denial of his motion to suppress evidence. He contends that the trial court erred in denying his motion to suppress because he was not driving on a street or highway as defined by Florida Statutes when he was stopped for driving with a suspended license. Because the evidence supports the trial court’s factual determination that the road is open to the public, we affirm.
 

 At the hearing on Appellant’s motion to suppress, Deputy Eugene Harper testified that, on January 29, 2009, he observed Appellant drive his car from the rear of his property onto a dirt road called 205th, and then start driving toward another dirt road called 140th. Deputy Harper knew that Appellant’s driver’s license was suspended. After Deputy Harper confirmed that Appellant was the person driving the car, he attempted a traffic stop, but Appellant did not stop. Instead, he continued driving until he was back at his own house. When Appellant got out of his car, a packet containing illegal drugs fell to the ground.
 

 Deputy Harper testified that, although the roads were privately owned, he would describe them as public access roads. The roads do not have any stop signs or street lights, but one of the roads nearby has a bar that is open to the public. Deputy Harper testified that the roads on which Appellant was driving have no signs or other devices that would label the roads as private property or otherwise restrict access.
 

 Appellant presented the testimony of Mike McCain, the asset manager for the Marion County Transportation Department, who testified that the county did not maintain the roads in the area known as the Big Scrub Campsite where Deputy Harper observed Appellant driving. At the conclusion of the hearing, Appellant argued that, because the dirt roads in the Big Scrub area were private roads that were not maintained by the county, it was not illegal for him to drive on those roads without a valid license. The trial court denied Appellant’s motion.
 

 Florida law makes it illegal for a person with a suspended, canceled or revoked license to drive a motor vehicle on the highways of the state. § 322.34(2), Fla. Stat. (2009). “Highway” is defined under section 322.01(39), Florida Statutes, as:
 

 As used in this Chapter:
 

 (39) “Street or highway” means the entire width between the boundary lines of
 
 *1022
 
 a way or place if any part of that way or place is open to public use for purposes of vehicular traffic.
 

 This Court has previously held that the definition of a street or highway in the statute includes traffic ways and parking areas that are open to public use by vehicles even though the areas are not owned or maintained by a governmental agency.
 
 State v. Lopez,
 
 633 So.2d 1150, 1151 (Fla. 5th DCA 1994). Whether a street is considered to be open to public use is usually a question of fact.
 
 See State v. Tucker,
 
 761 So.2d 1248 (Fla. 2d DCA 2000). Here, the record supports the trial court’s conclusion that the roads at issue were open to public use.
 

 AFFIRMED.
 

 ORFINGER and TORPY, JJ., concur.