[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 28, 2011
JOHN LEY
CLERK

No. 10-14098

_____

D.C. Docket No. 3:09-cr-00238-HLA-JBT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRYL WAYNE GARDNER, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 28, 2011)

Before MARCUS, WILSON and HILL, Circuit Judges.

PER CURIAM:

Darryl Wayne Gardner, Jr. appeals his convictions for being a felon in

possession of firearms, in violation of 18 U.S.C. § 922(g)(1), and possessing crack

cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On appeal, Gardner argues that the district erred when it denied his pre-trial motion to suppress evidence and statements to police after he was stopped on suspicion of driving without a license. Specifically, he claims that: (1) the police officers did not have reasonable suspicion to initiate the traffic stop because he did not commit a criminal offense or traffic violation on a "highway" as defined by Florida law; (2) anonymous tips provided to the officers did not generate enough reasonable suspicion to justify the stop because they lacked sufficient indicia of reliability; and (3) the police did not have probable cause to arrest him. After thorough review, we affirm.[1]

"We review the denial of a motion to suppress as a mixed question of law and fact." United States v. Spoerke, 568 F.3d 1236, 1244 (11th Cir. 2009). Rulings of law are reviewed de novo, while the district court's findings of fact are reviewed for clear error. Id. Factual findings are reviewed in the light most favorable to the prevailing party in the district court. Id. Credibility determinations are within the province of the fact-finder, and we will only reverse factual findings if they are contrary to the laws of nature, or so otherwise improbable on their face that no

---

[1] Gardner also claims that the scope of the traffic stop and search of the vehicle, which uncovered two firearms and drugs, violated his Fourth Amendment rights. We decline to address these issues, because, apart from conclusory statements made in the conclusion of his brief, Gardner fails to make arguments on the merits of these claims and therefore has abandoned them. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (deeming an issue abandoned when a defendant merely provides passing references to an alleged error in his brief).

reasonable fact-finder could accept them. United States v. Pineiro, 389 F.3d 1359, 1366 (11th Cir. 2004).

The relevant facts are these. St. Johns County, Florida Sheriff's Deputies Jeffrey Carroll and Russ Martin pulled over the defendant and arrested him for driving without a valid driver's license. A subsequent search of the vehicle revealed two firearms, crack cocaine, and marijuana. Pre-trial, Gardner moved to suppress evidence of the firearms and drugs, as well as statements that he made to police before and after his arrest, on the ground that the police had no reasonable suspicion to initiate the traffic stop. Deputy Carroll testified at Gardner's first evidentiary hearing that he clearly observed Gardner in the driver's seat of a Ford while the vehicle was operating inside a condominium complex's parking lot, and that he knew that Gardner did not have a valid driver's license based on his prior investigations into Gardner's driving privileges, which included inquiries through a police database two times within two weeks before the incident at issue. The district court denied Gardner's motion to suppress based on Carroll's testimony. After a bench trial, in which Gardner stipulated to each element of the charged offenses, the district court sentenced him to a total sentence of 180 months. Gardner timely appealed.

A person has the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV. Traffic stops are seizures under the Fourth Amendment. United

States v. Ramirez, 476 F.3d 1231, 1236 (11th Cir. 2007). A traffic stop is constitutional if it is either based upon probable cause to believe a traffic violation occurred, or is justified by reasonable suspicion in accordance with Terry v. Ohio, 392 U.S. 1 (1968). United States v. Harris, 526 F.3d 1334, 1337 (11th Cir. 2008). Reasonable suspicion requires a reasonable and articulable suspicion based upon objective facts that an individual is engaged, or about to engage, in criminal activity. United States v. Powell, 222 F.3d 913, 917 (11th Cir. 2000). It must be more than an "inchoate and unparticularized suspicion or hunch." Id. (quotation omitted). There must be a minimal level of objective justification taken from the totality of the circumstances. Id.

Florida law makes it a crime to drive a motor vehicle upon a highway, unless the operator has a valid driver's license. Fla. Stat. § 322.03(1); Fla. Stat. § 322.39. A "highway" is "the entire width between the boundary lines of a way or place if any part of that way or place is open to public use for purposes of vehicular traffic." Fla. Stat. § 322.01(39). This includes traffic ways and parking areas that are open to public use by vehicles even if they are not owned and maintained by a government agency. State v. Lopez, 633 So. 2d 1150, 1151 (Fla. Dist. Ct. App. 1994). Whether a street is considered open to public use by vehicles is usually a question of fact. Mattingly v. State, 41 So. 3d 1020, 1022 (Fla. Dist. Ct. App. 2010).

4

First, the district court did not clearly err in finding that Deputy Carroll observed Gardner driving in the complex's parking lot, even though Deputy Martin never saw Gardner in the driver's seat. Pineiro, 389 F.3d at 1366. As the record shows, Deputy Carroll testified that the parking lot was well lit, that he passed Gardner's Ford at least three times, and that he had no doubt that Gardner was driving the car. Even assuming, as Gardner asserts, that the call history reports and police logs are accurate as to when each officer arrived at the complex, a reasonable factfinder could conclude that the deputies' testimonies are entirely consistent with them. Deputy Martin entered the north entrance at 9:14 pm, and estimated that it was about two to three minutes before he saw Deputy Carroll. Carroll first ran the Ford's license plate through the system at 9:16 pm, and testified that he had already conducted one turnaround and was conducting his second pass of the Ford. A reasonable factfinder could conclude from this information that Deputy Carroll completed three turnarounds in the time it took Deputy Martin to observe him, giving Carroll the opportunity to observe Gardner driving the Ford.

Nor did the district court clearly err in finding that the parking lot was open to public use by vehicles, and, therefore, a "highway." Lopez, 633 So. 2d at 1151. Deputies Carroll and Martin testified that the complex was not gated, there were no guards posted out front, and the public was free to come and go through the complex

5

as it pleased. Likewise, there were various traffic control devices in the complex, such as speed bumps, speed limit signs, and stop signs. Deputy Carroll also testified that there was no security at the complex, and that he was not aware of a requirement that visitors check in with the front desk in order to park overnight. Moreover, it is irrelevant that the complex had "no trespassing" signs, since these kinds of signs do necessarily mean that the complex's parking lot was not open to public use, especially in light of the deputies' testimonies. See, e.g., United States v. Edmonds, 611 F.2d 1386, 1388 (5th Cir. 1980) (finding a dock was open to public use despite "no trespassing" signs where the dock had been freely and openly used by the public).[2]

Thus, because Deputy Carroll observed Gardner driving inside the complex, and knew that Gardner did not have a valid driver's license, the district court did not err in determining that reasonable suspicion of driving upon a highway without a valid driver's license supported the traffic stop. In reaching this conclusion, we agree with other Circuits that have found a sufficient basis for reasonable suspicion under similar circumstances. See United States v. Sandridge, 385 F.3d 1032, 1036 (6th Cir. 2004) (reasonable suspicion of driving without a license existed where officer checked defendant's information 22 days prior to stop); United States v. Hope, 906

_____

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

F.2d 254, 258 (7th Cir. 1990) (probable cause to believe defendant drove without a license existed where officer knew defendant did not have a valid license "a week or so before his arrest"), abrogated on other grounds by Fryer v. United States, 243 F.3d 1004, 1010 (7th Cir. 2001).

Nor did the district court err, plainly or otherwise, in determining there was probable cause for Gardner's arrest.[3]  A warrantless arrest without probable cause violates the Fourth Amendment.  Case v. Eslinger, 555 F.3d 1317, 1326 (11th Cir. 2009).  Probable cause to arrest exists when a police officer has a reasonable belief that a suspect committed or was committing a crime, based upon facts and circumstances within his knowledge.  United States v. Gonzalez, 969 F.2d 999, 1002 (11th Cir. 1992).

In this case, Deputy Carroll observed Gardner driving the Ford in the complex's parking lot, and Gardner admitted that he drove.  Carroll knew that Gardner did not have a driver's license, and, prior to the arrest, Deputy Martin confirmed with dispatch that Gardner did not have a valid driver's license.  Based on

---

[3]     Even though Gardner did not object to the magistrate judge's ruling on this issue, which could waive the issue for purposes of appeal, see Fed. R. Crim. P. 59(b)(2), we need not decide whether the issue was waived, and instead review it for plain error.  See United States v. Olano, 507 U.S. 725, 732 (1993) (applying plain error review to issues not timely raised in district court).  To establish plain error, there must be an error that is plain, affects the defendant's substantial rights, and "seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. (alteration and quotation omitted).

their observations and knowledge prior to the arrest, Deputies Carroll and Martin had a reasonable belief that Gardner drove on a highway without a valid license, in violation of Florida law. The district court, therefore, did not err, much less plainly err, in concluding that there was probable cause to arrest Gardner, nor by denying Gardner's motion to suppress evidence of the drugs, firearms, and his statements to police. Accordingly, we affirm.[4]

**AFFIRMED.**

---

[4] Because we conclude that Deputy Carroll had reasonable suspicion to stop Gardner's vehicle, independent of the anonymous tips of illegal drug activity occurring at the condominium complex, we need not address the reliability of those anonymous tips.